**Docket Nos. 24-5212 (L), 24-5751**

*In the*

# United States Court of Appeals

*For the*

# Ninth Circuit

———————————

ZUNUM AERO, INC.,

*Plaintiff, Counter-Defendant and Appellant,*

v.

THE BOEING COMPANY and BOEING HORIZONX VENTURES, LLC,

*Defendants, Counter-Claimants and Appellees.*

———————————

*Appeal from a Decision of the United States District Court for the Western District of Washington,*
*No. 2:21-cv-00896-JLR · Honorable James L. Robart*

## RESPONSE TO PETITION FOR REHEARING AND REHEARING EN BANC

VINCENT LEVY, ESQ.
SCOTT DANNER, ESQ.
JACK L. MILLMAN, ESQ.
DANIEL FAHRENTHOLD, ESQ.
HOLWELL SHUSTER & GOLDBERG, LLP
425 Lexington Avenue, 14th Floor
New York, New York 10017
Telephone: (646) 837-5151
vlevy@hsgllp.com
sdanner@hsgllp.com
jmillman@hsgllp.com
dfahrenthold@hsgllp.com

*Attorneys for Appellant,*
*Zunum Aero, Inc.*

PRINTED ON RECYCLED PAPER 

# TABLE OF CONTENTS

INTRODUCTION ................................................................................1

BACKGROUND ...............................................................................2

    A. Boeing Removes Zunum's State-Court Lawsuit.............................................2

    B. Summary Judgment: Boeing Prevails On Its Counterclaims ........................3

    C. Trial: Zunum Prevails ......................................................................4

    D. The District Court Vacates The Verdict; This Court Reverses ......................5

ARGUMENT ...................................................................................5

I.  This Court Has Jurisdiction ..........................................................5

II.  The District Court Also Has Jurisdiction...........................................16

CONCLUSION ................................................................................19

# TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*ABS Global, Inc. v. Inguran, LLC,*
  914 F.3d 1054 (7th Cir. 2019) ................................................................15

*Boeing Co. v. Sierracin Corp.,*
  738 P.2d 665 (Wash. 1987) ....................................................................9

*Causer v. Apria Healthcare Inc.,*
  2013 WL 12473621 (C.D. Cal. July 22, 2013) ..................................19

*CE Distrib. LLC v. New Sensor Corp.,*
  380 F.3d 1107 (9th Cir. 2004) ..............................................................17

*Channell v. Citicorp Nat'l Servs., Inc.,*
  89 F.3d 379 (7th Cir. 1996) .................................................. 16, 17, 19

*Erdman v. Falkner,*
  2019 WL 2250276 (S.D. Ala. May 24, 2019) ....................................16

*Ethicon, Inc. v. U.S. Surgical Corp.,*
  135 F.3d 1456 (Fed. Cir. 1998) ...........................................................9

*Exxon Mobil v. Allapattah Servs.,*
  545 U.S. 546 (2005) ............................................................................16

*Fina Oil and Chemical Co. v. Ewen,*
  123 F.3d 1466 (Fed. Cir. 1997) .........................................................14

*Glob. NAPs, Inc. v. Verizon New England Inc.,*
  603 F.3d 71 (1st Cir. 2010) ................................................................19

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.,*
  824 F.2d 953 (Fed. Cir. 1987) ...........................................................14

*Honeywell Int'l v. OPTO Elecs.,*
  135 F.4th 170 (4th Cir. 2025) .............................................................15

*Hydranautics v. FilmTec Corp.,*
  70 F.3d 533 (9th Cir. 1995) .................................................. 6, 13, 15

*In re Pegasus Gold,*
  394 F.3d 1189 (9th Cir. 2005) ............................................... 6, 14

*In re Rearden LLC,*
  841 F.3d 1327 (Fed. Cir. 2016) .................................. 5, 6, 7, 11, 15

*Intellisoft, Ltd. v. Acer Am. Corp.*,
    955 F.3d 927 (Fed. Cir. 2020) .................................................... 9, 10, 12

*Jones v. Ford Motor Cred. Co.*,
    358 F.3d 205 (2d Cir. 2004) ....................................... 17, 18, 19

*Mattel, Inc. v. MGA*,
    705 F.3d 1108 (9th Cir. 2013) ........................................... 6, 13

*Nasalok Coating Corp. v. Nylok Corp.*,
    522 F.3d 1320 (Fed. Cir. 2008) ....................... 1, 6, 7, 10, 12

*Nishimoto v. Federman-Bachrach & Assocs.*,
    903 F.2d 709 (9th Cir. 1990) .......................................................17

*Polymer Industries Products v. Bridgestone/Firestone*,
    347 F.3d 935 (Fed. Cir. 2003) ...................................................7

*Revere Copper & Brass v. Aetna Cas. & Sur.*,
    426 F.2d 709 (5th Cir. 1970) .....................................................14

*Rocovich v. United States*,
    933 F.2d 991 (Fed. Cir. 1991) ....................................................6

*Russo v. Ballard Medical Products*,
    550 F.3d 1004 (10th Cir. 2008) ..............................................12

*Teradata Corp. v. SAP SE*,
    2023 WL 4882885 (Fed. Cir. Aug. 1, 2023) ......................... 1, 6, 8, 9, 11, 12, 13

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) .....................................................................2

*Uroplasty, Inc. v. Advanced Uroscience, Inc.*,
    239 F.3d 1277 (Fed. Cir. 2001) ...............................................14

**Statutes**

28 U.S.C. § 1367(a) .............................................. 3, 5, 16, 17, 18

28 U.S.C. § 1454 ............................................................. 3, 16

35 U.S.C. §282(a) .....................................................................12

**Other Authorities**

13D Fed.Prac.&Proc.Juris. §3567.1 (3d ed.) ................................. 16, 19

6 Fed.Prac.&Proc.Civ. §1410 (3d ed.) ...........................................14

iii

## INTRODUCTION

A jury found that Boeing misappropriated Zunum's trade secrets, breached a contract, and intentionally interfered with Zunum's business relations. The district court set that verdict aside and conditionally ordered a new trial; Zunum appealed; and this Court reversed the district court's post-trial rulings.

Refusing to accept this Court's judgment, Boeing asserts on rehearing that only the Federal Circuit had jurisdiction over Zunum's appeal because Boeing interposed compulsory patent-law counterclaims. Boeing contends this previously undisclosed "trap for the unwary" requires this Court to vacate its careful decision and give Boeing another shot at preserving the district court's flawed orders.

Boeing's thirteenth-hour gambit fails. Boeing's assertion that this Court lacks jurisdiction rests on the premise that its patent counterclaims were compulsory. But a fact-bound application of settled law shows otherwise. Every test for whether a patent counterclaim is compulsory depends on "the extent of factual overlap between what the plaintiff *must* establish to prove its claim and what the defendant *must* establish to prove its counterclaim." *Teradata Corp. v. SAP SE*, 2023 WL 4882885, at *9 (Fed. Cir. Aug. 1, 2023) (quoting *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1326 (Fed. Cir. 2008)). Here, there was none. As Boeing asserted, Boeing did not know it had a patent counterclaim from reading the complaint. And Zunum

won at trial on its claims—without ever discussing Boeing's patents—even after Zunum lost at summary judgment on the patent-inventorship counterclaims.

Boeing is also wrong that the permissiveness of its counterclaims might defeat subject-matter jurisdiction over all state-law claims. The supplemental-jurisdiction test—which comes from *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)—is distinct and readily met. Boeing cites *Wright and Miller* for the proposition that "many—perhaps most—permissive counterclaims will not be sufficiently factually related" to confer supplemental jurisdiction. Pet. 9-10. But Boeing omits the surrounding instruction that "*Gibbs* is broader than transaction or occurrence, and embraces all claims with a loose factual connection to the jurisdiction-invoking claim." The claims here shared the requisite "loose factual connection."

In short, there is a very good reason why Boeing never made its jurisdictional arguments before rehearing: The arguments fail. The Court should deny rehearing.

## BACKGROUND

### A.    Boeing Removes Zunum's State-Court Lawsuit

Zunum sued Boeing (and other, since-dismissed defendants) in state court, alleging only state-law claims. Boeing removed to federal court under §1454(a) upon interposing a patent counterclaim. Boeing's removal notice stated that, buried within Zunum's 576-paragraph complaint, Zunum included "two paragraphs on page 89" "alluding to a Boeing patent," and a subsequent "response [by Zunum] to Boeing's

2

third interrogatory prompted Boeing to bring a counterclaim seeking a declaratory judgment as to the inventorship of [its] patent." Dkt. 1 at 4-5, 7. Boeing invoked "supplemental jurisdiction over the other claims in th[e] case under 28 U.S.C. §§1367(a) and 1454(d) because they form part of the same 'case or controversy under Article III[.]'" *Id.* at 11. That included Zunum's claims and Boeing's counterclaims for non-payment of notes.[1]

Zunum moved to remand, including because Boeing removed more than 30 days after service. Dkt. 26 at 2. Boeing countered that, inter alia, it "could not have pursued a declaratory judgment claim … based exclusively on the [complaint]," as only Zunum's interrogatory response suggested a patent-law dispute. Dkt. 30 at 20-21. The court denied remand, Dkt. 36, and did so again later, Dkt. 114.

### B.  Summary Judgment: Boeing Prevails On Its Counterclaims

After discovery, Boeing moved for summary judgment. On its patent-inventorship counterclaims, Boeing emphasized that "similarities between Zunum's [trade-secret] materials and the patents' *specifications*" were irrelevant, because "'[i]nventorship … is linked specifically to the claims of the patent,' not the specification," and moreover there was no evidence Zunum "conceived of the *claims*

---

[1] Boeing subsequently added a patent-inventorship counterclaim for another (later-filed) patent, citing the same interrogatory response and one complaint paragraph. Dkt. 46-2 at 75-81, Dkt. 46.

of the Boeing Patents." Dkt. 345 at 49. Boeing did not argue that resolving those counterclaims in its favor required ruling against Zunum on *any* Zunum claim.

The court granted summary judgment on Boeing's patent counterclaims but denied summary judgment on Zunum's trade-secret, contract, and tortious-interference claims. 9-ER-2215. On the patent-inventorship counterclaims, the court explained that, to prevail, "the alleged co-inventor or co-inventors must prove their contribution to the conception of the [patent] claims," and held no reasonable juror could find for Zunum, including because "no Zunum engineer claims to be the inventor of one or more claims of either patent." 9-ER-2212-13. Conversely, the court held (without discussing Boeing's patents or its patent-counterclaims ruling) that there was "sufficient evidence in the record for a reasonable jury to find" for Zunum on its claims. 9-ER-2200.

## C.    Trial: Zunum Prevails

The case proceeded to trial on Zunum's claims. Zunum did not argue or present evidence that Boeing used any Zunum information in any Boeing patent. The two patents on which Boeing counterclaimed never came up at trial.

The jury entered a split verdict favoring Zunum.

4

### D.     The District Court Vacates The Verdict; This Court Reverses

The district court vacated the verdict. 1-ER-7. Its lengthy analysis did not use the term "patent," and never suggested that its summary-judgment patent ruling undermined Zunum's claims, 1-ER-15-59, and neither had Boeing so contended.

Zunum appealed, invoking this Court's jurisdiction under §1291, and district-court jurisdiction over the state-law claims under §1367. Boeing did not disagree.

After this Court reversed the post-trial rulings and ordered the case reassigned, Boeing sought rehearing and, for the first time, argued its patent counterclaims were compulsory and thus only the Federal Circuit had jurisdiction. Boeing also suggested that, otherwise, there might be a supplemental-jurisdiction issue.

## ARGUMENT

### I.     This Court Has Jurisdiction

In 2011, Congress extended the Federal Circuit's appellate jurisdiction to "any civil action in which a party has asserted a compulsory counterclaim arising under [patent law]." *In re Rearden LLC*, 841 F.3d 1327, 1331 (Fed. Cir. 2016). "[T]hat extension did not reach permissive counterclaims," meaning Boeing's argument for transfer depends on its patent-inventorship counterclaims being compulsory, because this Court otherwise has appellate jurisdiction. *Id.* at 1332.

As the party "seeking the exercise of [Federal Circuit jurisdiction] in its favor," Boeing "has the burden of establishing [such] jurisdiction exists" by showing its patent counterclaims were compulsory. *Rocovich v. United States*, 933 F.2d 991,

993 (Fed. Cir. 1991). Boeing never tried to meet this burden until rehearing, and even now, Boeing's motion comes nowhere close to satisfying its burden. So this Court undoubtedly has and always had appellate jurisdiction. *See Teradata*, 2023 WL 4882885, at *7, 13 (transferring to Ninth Circuit for failure to meet "burden" of showing patent counterclaim compulsory).

**A**. We begin with the law. Because labeling patent counterclaims compulsory "has a significant assert-now-or-lose consequence" and jurisdictional significance, *id.* at *7-8, the Federal Circuit applies a rigorous analysis that considers, as a matter of "Federal Circuit law," "(1) whether the legal and factual issues raised by the claim and counterclaim are largely the same; (2) whether substantially the same evidence supports or refutes both the claim and the counterclaim; and (3) whether there is a logical relationship between the claim and the counterclaim," *Rearden*, 841 F.3d at 1331-32. Ultimately, "[i]n each of the three tests," the "question is the extent of factual overlap between what the plaintiff *must* establish to prove its claim and what the defendant *must* establish to prove its counterclaim." *Nasalok*, 522 F.3d at 1326.[2]

Take *Rearden*, which Boeing cites. 841 F.3d 1327. There, the counterclaims were compulsory because defendants "counterclaimed that plaintiff infringed the

---

[2] Boeing's two Ninth Circuit cases apply materially identical tests. *Mattel, Inc. v. MGA*, 705 F.3d 1108, 1110 (2013) (finding counterclaims permissive); *In re Pegasus Gold*, 394 F.3d 1189, 1196 (2005) (same); *see also Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536-37 (9th Cir. 1995).

6

very patents over which both parties [sought] a declaration of ownership"; the counterclaims were "contingent upon[] the very dispute and the same patent rights asserted in the complaint." *Id.* at 1333. Similarly, *Polymer Industries Products v. Bridgestone/Firestone* held that when a plaintiff requests a "declaration of noninfringement," a "counterclaim for patent infringement [of the same patent] is compulsory." 347 F.3d 935, 937-38 (Fed. Cir. 2003). These are mirror-image claims.

By contrast, consider *Nasalok*, 522 F.3d 1320. Nylok had filed a trademark-infringement action against Nasalok and obtained a judgment. *Id.* at 1322. Nasalok then filed another action to invalidate the same trademark. *Id.* at 1324-26. Although Nasalok "could have" raised "[i]nvalidity of the mark [as] an affirmative defense" in the first action, the counterclaim asserting "trademark invalidity" was *not* compulsory because, despite some overlap, the two claims would "not be supported or refuted by substantially the same evidence," and failed the Federal Circuit's tests in view of what "*must* [be] establish[ed]." *Id.* at 1324-26. In finding the counterclaim permissive, the court also emphasized "the well-established policy of freely allowing challenges to the validity of claimed intellectual property protection" and federal law "cabining" *res judicata* principles in the context of lawsuits concerning IP validity. *Id.* at 1326-28. And it extensively analyzed authority holding that even patent-infringement claims do not generally bar later suits concerning validity. *Id.*

7

Consider also the Federal Circuit's recent *Teradata* case, which concerned a trade-secret claim and permissive patent counterclaim. Again, the court applied the three tests while focusing on what each party "*must* establish." 2023 WL 4882885, at \*11. The court held the first two tests were not met despite overlapping evidence:

> There is undisputedly some overlap in evidence; after all, understanding the different accused products and the asserted trade secrets and asserted patent claims will call for explanations of various database-structure-and-access technologies. But such same-field overlap does not make the issues "largely the same" or make the evidence supporting or refuting the particular claims and counterclaims "substantially the same."

*Id.* The court also found no "logical relationship" between claim and counterclaim despite this overlap; the counterclaim asserted infringement—not, for example, "that the asserted trade secrets [we]re invalid because of disclosures in the patents … predat[ing] the asserted trade-secret misappropriation." *Id.* at \*12.

**B.** Boeing's patent counterclaims were not compulsory under this authority. Given what Zunum *had* to establish on its claims and what Boeing *had* to establish on its counterclaims, "[t]he 'legal and factual issues raised by the claim' [we]re not 'largely the same'"; "'substantially the same evidence' d[id] not 'support[] or refute[] both the claim and the counterclaim'"; and there is no "logical relationship" between claims and counterclaims. *Id.* at \*11. Indeed, this case is easier than most, because summary judgment and trial show that the facts needed to establish liability on each set of claims diverged—and, thus, none of the three tests is met.

8

**1.** First, considering what "*must* [have been] establish[ed]" on claims and counterclaims, the "legal and factual issues" were not "largely the same." *Id.* To prevail on its claims, Zunum had to show that Boeing violated contracts and used or disclosed Zunum "trade secrets" without authorization. *Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 674 & n.2 (Wash. 1987) (en banc). Zunum's complaint stated it would do so through numerous theories *untethered* to any Boeing patent or patent issues; indeed, Boeing represented that the complaint (despite being 121 pages) did not suggest Boeing had *any* patent counterclaim, Dkt. 1 at 12. An interrogatory response proposed showing misappropriation in part through dispersion of Zunum confidences into Boeing patents, but—as the pleadings, summary judgment, and trial showed—this was not part of what Zunum "*must* [have] establish[ed]" to prevail. 2023 WL 4882885, at *11. Regardless, as is settled, "a plaintiff's reliance on a patent as evidence to support its state law claims does not necessarily require resolution of a substantial patent question." *Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 933 (Fed. Cir. 2020). That was true here.

Next, consider Boeing's patent counterclaims. To prevail, Boeing had to show that its employees invented the claims in its patents on their own. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). This turned on federal patent-law issues (*e.g.*, conception, claim-construction) entirely distinct from state trade-secret law. 9-ER-2212-13; *Intellisoft*, 955 F.3d at 933 (distinguishing patent-

9

law "inventorship" from questions arising on trade-secret claims). And the counterclaims turned on different facts and evidence: Boeing could have—and did—prevail without regard to the evidence necessary to Zunum's state-law claims.

*Nasalok* is instructive. Again, the plaintiff claimed trademark infringement, and the defendant could have, but did not need to, bring a trademark-invalidity counterclaim. Here, Zunum claimed trade-secret misappropriation and asserted in discovery (but not trial) that trade secrets found their way into Boeing patents. It did not follow that Zunum was an "inventor" of Boeing's patents. *See Intellisoft*, 955 F.3d at 933. And although Boeing could have asserted as part of its defense on Zunum's state-law claims that it invented its patents independently, *Nasalok* instructs that "[t]he mere possibility that, as a result of affirmative defenses, the first suit might involve additional issues does not obligate the defendant to assert those affirmative defenses as a counterclaim." 522 F.3d at 1326. In fact, the link between this possible defense and Zunum's claims is weaker than in *Nasalok*, where (unlike here) the trademark-invalidity defense would have defeated plaintiff's claims. *Id.*

**2.** Next, for similar reasons, substantially the same evidence did not support the claims and counterclaims, considering what "*must* [have been] establish[ed]" on each. Again, Boeing sought summary judgment on its counterclaims because Zunum had not "conceived of the ***claims*** of the Boeing Patents," Dkt. 345 at 49, and the court entered judgment on those claims for Boeing, as "no Zunum engineer

10

claim[ed] to be the inventor of one or more claims of either [Boeing] patent." 9-ER-2213. But it denied summary judgment on the trade-secret claims, because, given the claims pleaded in the complaint, Zunum could prevail without patent-related evidence. Zunum then prevailed at trial, without showing that Zunum information made its way to Boeing's patents, that Boeing's patents were conceived using Zunum trade secrets, or that Zunum was a co-inventor of a claim in a Boeing patent. Indeed, there was zero trial evidence about Boeing patents.

**3.** Finally, the claims and counterclaims lack a "logical relationship." *Teradata*, 2023 WL 4882885 at *11. This "third test" is "of a piece with (though not … entirely redundant of) the first two tests, reflecting the significant assert-or-lose consequence of a 'compulsory' characterization." *Id.* This test *also* turns on what "*must* [have been] establish[ed]." *Id.*

Again, what Zunum "*must* [have] establish[ed]" to prevail on its claims does not overlap with what Boeing "*must* [have] establish[ed]" on its counterclaims, *id.*, as summary-judgment and trial conclusively showed, and the counterclaims are unlike any example identified in *Teradata* as potentially satisfying the "logical relationship" test. *Id.* at *11-13. Unlike in those examples, prevailing on the claims here would not moot the counterclaims, or vice versa; the claims and counterclaims did not have mirror-image elements. *Cf. id.*; *Rearden*, 841 F.3d at 1333. Nor did the

state-law claims necessarily implicate patent-law issues. *See Intellisoft*, 955 F.3d at 933; *Russo v. Ballard Medical Products*, 550 F.3d 1004, 1015 (10th Cir. 2008).

Given this test's focus on the "assert-or-lose consequence[s]," *Teradata*, 2023 WL 4882885 at *11, *Nasalok*'s discussion about the limited circumstances where validity disputes are foreclosed is also instructive. 522 F.3d at 1326-28. Boeing identifies no authority that would have limited its patent rights had it not counterclaimed. To the contrary, settled law confirms Boeing could have brought a separate federal-court suit later, because Washington's courts lack jurisdiction over patent issues. *Intellisoft*, 955 F.3d at 935. There is more. By statute, Boeing's patents were presumptively valid, subject only to specified federal-law challenges that Zunum *never* mounted. 35 U.S.C. §282(a). A judgment for Zunum on its state-law claims could not impair Boeing's federal-law patent rights. *Id.*; *see also Intellisoft*, 955 F.3d at 933; *Russo*, 550 F.3d at 1014. Boeing cites *nothing* to the contrary.

\*\*\*

Ultimately, the central question on which each test turns admits of a simple and dispositive answer: as summary judgment and trial showed, there was zero overlap between what Zunum and Boeing "*must* [have] establish[ed]" to prevail on their respective claims, thus conclusively showing none of the three tests is met. The counterclaims were permissive. And the Court should not unsettle established

12

precedent instructing that a patent owner need *not* raise patent counterclaims on pain of loss in response to state-law claims like these.

**C.** Boeing's petition does not meaningfully evaluate the claims and counterclaims under the governing tests, or consider what "*must* [have been] establish[ed]," confining itself to bromides that, like the district court in *Teradata*, take "too general a view" of the compulsory-counterclaim tests. 2023 WL 4882885 at *13.

Boeing asserts "Zunum's trade-secret misappropriation claim and Boeing's counterclaims are based on the same operative facts: the circumstances surrounding the invention of Boeing's patents," Pet. 6, but that is untrue. Zunum's claims were *not* based on those circumstances. Regardless, Zunum's and Boeing's claims rested on different necessary facts, as starkly demonstrated by the pleadings (which Boeing read as not suggesting any patent-law counterclaim), and Zunum showing trade-secret misappropriation at trial without evidence of "the circumstances surrounding the invention of Boeing's patents." *See Mattel*, 705 F.3d at 1110 ("[t]hat the same information may have shuttled back and forth … isn't a sufficient nexus to support a compulsory counterclaim"); *Hydranautics*, 70 F.3d at 537 (counterclaim permissive given "difference in which facts control" *despite* patent-ownership issue being "logically a part of both"); *Uroplasty, Inc. v. Advanced Uroscience, Inc.*, 239

13

F.3d 1277, 1280 (Fed. Cir. 2001) (trade-secret claim "can be met without requiring the resolution of a substantial [related] issue of patent law").

Boeing next cites dictum that a claim and counterclaim may be logically related if "the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant." Pet. 6-8 (quoting *Pegasus*, 394 F.3d at 1196). This dictum seemingly addresses "indemnity" counterclaims "not exist[ing] without the threat of liability" on an indemnified claim of loss. *Revere Copper & Brass v. Aetna Cas. & Sur.*, 426 F.2d 709, 715 (5th Cir. 1970).[3] That entails a logical relation unlike anything here, as plaintiff's loss would "moot" the counterclaim (unlike here). 6 Fed.Prac.&Proc.Civ. §1410 n.7 (3d ed.) (counterclaim compulsory when ruling "on one renders the other moot").

Boeing still says Zunum's interrogatory response gave Boeing the right to file a declaratory-judgment counterclaim, but that did not "activate" a claim; it meant only that Zunum's discovery response gave Boeing a "reasonable apprehension" that Zunum "will" challenge patent inventorship. *Fina Oil and Chemical Co. v. Ewen*, 123 F.3d 1466, 1471 (Fed. Cir. 1997); *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987) ("*express* threat" unnecessary). That has nothing to do with the compulsory-counterclaim test. The *Teradata* and *Nasalok*

---

[3] *Pegasus* quotes *Pinkstaff*, which quotes *Bulson*, which paraphrases *Plant* (and another case that cites *Plant*); *Plant* itself cites *Revere*. Of these, only *Revere* arguably relied on an "activation" theory.

14

claims crystalized disputes leading to potential counterclaims, but those were still permissive. *See also Hydranautics*, 70 F.3d at 537. Here, Zunum did not lodge a patent-inventorship claim, and, considering what "*must* [have been] establish[ed]," there was no logical relationship between claims and counterclaims, as the pleadings, summary judgment, and trial demonstrated.

Accepting Boeing's argument would thus contravene settled law and greatly unsettle patent rights. In *ABS Global, Inc. v. Inguran, LLC*, the Seventh Circuit rejected the argument that "minor" connections between antitrust claims and patents required patent counterclaims. 914 F.3d 1054, 1064 (7th Cir. 2019). It noted "patent counterclaims are frequently permissive in antitrust cases," and warned that a contrary rule would require patent-holders to "immediately counterclaim with any and every … potential claim of infringement against that plaintiff or lose such claims forever." *Id.* No authority supports a different approach for trade-secret claims.

None of Boeing's remaining cases help it. As noted, the counterclaim in *Rearden* was for infringement of "the very patents over which both parties seek a declaration of ownership," unlike here. 841 F.3d at 1333. Next, the parties in *Honeywell Int'l v. OPTO Elecs.* asserted claims based on the same license agreement, also unlike here. 135 F.4th 170, 177 n.2 (4th Cir. 2025). And in *Erdman v. Falkner*, the Alabama district court did not analyze what must have been established on claims and counterclaims; regardless, it deemed a patent counterclaim

15

compulsory because plaintiff alleged his trade secret was incorporated into, and fully disclosed by, defendants' patent application, "thereby destroying [his] trade secret." 2019 WL 2250276, at *3 (S.D. Ala. May 24, 2019). Again, unlike here.

## II. The District Court Also Has Jurisdiction

Boeing says that if its patent counterclaims are permissive, then "that would call into serious question the district court's subject-matter jurisdiction" over the state-law claims. Pet. 9. But since "Congress … codified the supplemental jurisdiction in [28 U.S.C.] §1367(a), courts should use the language of the statute to define the extent of their powers" rather than "[t]he distinction between permissive and compulsory counterclaims." *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996). Here, Zunum's claims satisfy §1367(a).

**A**. A single patent counterclaim (permissive or compulsory) permits removal under §1454(a), (d). And under §1454 and §1367, a district court may exercise subject-matter jurisdiction over state-law claims comprising "part of the same case or controversy" under Article III. *Exxon Mobil v. Allapattah Servs.*, 545 U.S. 546, 552 (2005).

To determine whether this supplemental-jurisdiction requirement is satisfied, courts apply the standard set out in *Gibbs*—that the claims arise from a "common nucleus of operative fact." 13D Fed.Prac.&Proc.Juris. §3567.1 (3d ed.). The question is not whether the different claims share necessary evidence, but whether

16

they arise from a shared set of facts or transactions. In *Nishimoto v. Federman-Bachrach & Assocs.*, for example, this Court held that state-law claims "for breach of contract, wrongful discharge, failure to pay for accrued vacation leave, and intentional tort" could be brought alongside an ERISA claim, because the "state law claims derive from the same nucleus of operative fact as the ERISA claim—her dismissal by" the defendant. 903 F.2d 709, 714 (9th Cir. 1990). This Court never asked whether the necessary evidence on each claim overlapped; it did not.

In short, §1367(a) requires only a "loose factual connection between the claims." *Channell*, 89 F.3d at 385; *Jones v. Ford Motor Cred. Co.*, 358 F.3d 205, 213 (2d Cir. 2004); *see also CE Distrib. LLC v. New Sensor Corp.*, 380 F.3d 1107, 1114 (9th Cir. 2004) (following *Channell* in assessing pendent personal jurisdiction).

**B.** The state-law claims here easily satisfy the supplemental-jurisdiction test, as they all share the requisite "loose factual connection" given that they arise from the same set of facts—Boeing's investment in Zunum and related contracts—just as Boeing represented on removal. Dkt. 1 at 11. Zunum alleged (and the jury found) that, while managing the Zunum investment, Boeing misappropriated Zunum confidences and injured Zunum's business, in violation of trade-secret statute, contract, and common law (i.e., tortious interference). Boeing's patent counterclaims asserted that, notwithstanding Zunum's allegation (in discovery) that Boeing used Zunum confidences in pursuing Boeing patents, Boeing is the sole inventor of the

17

claims in two patents. The parties' causes of action do not share necessary evidence or elements but do arise from the same set of facts—Boeing's investment in Zunum and related contracts. That satisfies §1367(a).

Consider the Second Circuit's *Jones* decision, where plaintiffs sued Ford under the Equal Credit Opportunity Act, alleging its "financing plan discriminated against African-Americans." 358 F.3d at 207. Ford "asserted state-law counterclaims against [three plaintiffs] for the amounts of their unpaid car loans." *Id.* at 207-08. The "essential facts" for proving both sets of claims were not "closely related," but there was still supplemental jurisdiction over the state-law claims for unpaid car loans, because all claims "originate[d] from the Plaintiffs' decisions to purchase Ford cars." *Id.* at 209-10, 213-14.

Similarly, all claims here originated from Boeing's investment in Zunum, even Boeing's counterclaims seeking reimbursement for unpaid loans. Nobody disputes these counterclaims arise from the same set of facts as the patent counterclaims, although there is zero necessary evidentiary overlap. The same is true of Zunum's claims. All claims arise from the same set of facts, and together form a single Article III case. That is why Boeing removed them all to federal court.

**C.** Boeing does not meaningfully engage with the supplemental-jurisdiction statute, cases interpreting it, or the claims. Boeing says only that if its counterclaims are permissive, this would "strongly suggest" a supplemental-jurisdiction issue.

18

But as explained, the tests are distinct. The *Federal Practice* guide Boeing cites confirms "*Gibbs* is broader than transaction or occurrence, and embraces all claims with a loose factual connection to the jurisdiction-invoking claim." 13D Fed.Prac.&Proc.Juris. §3567.1 (3d ed.). And Boeing's sole (district-court) case says "permissive counterclaims may qualify for supplemental jurisdiction under §1367." *Causer v. Apria Healthcare Inc.*, 2013 WL 12473621, at *2-3 (C.D. Cal. July 22, 2013). So do all three on-point appellate decisions (none cited by Boeing). *Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010); *Channell*, 89 F.3d at 385; *Jones*, 358 F.3d at 213. Boeing never justifies creating a Circuit split.

## **<u>CONCLUSION</u>**

The Court should deny rehearing.

Dated: November 5, 2025       Respectfully submitted,

/s/ *Vincent Levy*

Vincent Levy
Scott Danner
Jack L. Millman
Daniel Fahrenthold
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Avenue, 14th Floor
New York, NY 10017
Tel.: (646) 837-5151
vlevy@hsgllp.com

*Attorneys for Appellant Zunum Aero, Inc.*

## CERTIFICATE OF COMPLIANCE

### Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s):** Nos. 24-5212, 24-5751

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

[X] Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 4,200.

*(Petitions and responses must not exceed 4,200 words)*

**OR**

[ ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** */s/ Vincent Levy*                    **Date** November 5, 2025

20

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, I caused this document to be filed through the ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Vincent Levy*